UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10CV-159-S

CONNIE MARSHALL     PLAINTIFF

v.

DAVID STENGEL *et al.*     DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to recuse the undersigned, motion for due process, and for initial review of the complaint under 28 U.S.C. § 1915(a). For the reasons set forth below, the motions will be denied and this action dismissed because it fails to state a claim upon which relief can be granted and is frivolous.

**Motion to Recuse**

Marshall lists two grounds for recusal: 1) the undersigned has been sued by Marshall in other actions; and 2) the undersigned is not "knowledgeable/educated or familiar with Electromagnetic/Modern Technology." Neither ground is sufficient to justify recusal in this case.

Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). It is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). "A district court judge must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based on the

subjective view of a party." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, "[t]he mere fact that [this judge] may be one of the numerous federal judges that [the plaintiff] has filed suit against is not sufficient to establish that [her] recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). To hold otherwise "would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005).

The undersigned finds no ground in this case to justify his recusal. Accordingly, Marshall's motion for recusal (DN 8) is **DENIED**.

**Motion for Due Process**

Marshall's motion essentially requests the Court to immediately enter judgment in her favor and against Defendants in this action. As explained below, the Court concludes that Marshall's complaint is subject to dismissal on initial screening because it fails to state a claim and is frivolous. Accordingly, her motion for due process (DN 7) is **DENIED**.

**Initial Screening**

Plaintiff, Connie Marshall, filed this *pro se* action against District Attorney David Stengel, Harry Rothgerber, the Commonwealth Attorney's Office, and the Commonwealth of Kentucky. Plaintiff alleges that these Defendants are engaged in a criminal conspiracy with one another (and others) to cover up the wrongful actions of a multitude of state and federal officials, especially the Louisville Metro Police Department, who have been targeting, terrorizing, and tormenting Marshall for numerous years. Marshall claims that she submitted mountains of

evidence to Defendants to support her claims, but that Defendants still refused to launch a criminal investigation into her allegations or to prosecute the responsible parties.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. Additionally, "[t]he *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Each of Plaintiff's claims against Defendants arises from her belief that Defendants were obligated to investigate her claims of wrongdoing and to criminally prosecute the various state and federal officials that she claims have been attacking and tormenting her over the last several years. Fatal to Plaintiff's claims, however, is the fact that a private citizen has no right to

3

demand authorities to launch a criminal investigation and prosecution. *See Diamond v. Charles*, 476 U.S. 54, 63 (1986) (holding that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Saro v. Brown*, 11 F. App'x 387 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."); *Woods v. Miamisburg City Schools*, 254 F. Supp. 2d 868, 873-74 (S.D. Ohio 2003) ("The law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."). Simply put, members of the general public (even if they claim to be witnesses to or victims of a crime) lack standing to enforce the criminal laws or to seek a judicial order compelling initiation of a criminal prosecution. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Consequently, even assuming that Defendants were derelict in their duty for not pursuing certain crimes as Plaintiff claims in her complaint, their action or inaction does not involve any legal right that is enforceable by Plaintiff. As such, her complaint fails to state a claim upon which relief may be granted.

Additionally, Plaintiff's complaint is comprised of precisely the type of "fantastic," "delusional," and "incredible" allegations that warrant dismissal as factually frivolous. Essentially, Plaintiff's complaint is nothing more than a collection of totally unsubstantiated events compiled by an individual who believes that various things are occurring to her, which simply are illogical and delusional. *See Knight v. Foxworth*, No. 6:07cv70, 2007 U.S. Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible."). It is clear that this Court is not the forum that can provide

4

Plaintiff with the type of assistance she truly needs.  Plaintiff's allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that Defendants and various other state and federal officials are engaged in an elaborate and massive criminal conspiracy to torture and torment her.

      Accordingly, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and as frivolous.  The Court will enter a separate Order of Dismissal.

Date:


cc:     Plaintiff, *pro se*
         Defendants
4411.008